# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MYRON E. EDWARDS,**

**Petitioner,**

v.                                          **Case No. 09-C-1189**

**WILLIAM POLLARD,**

**Respondent.**

---

## DECISION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

---

### I. PROCEDURAL HISTORY

On December 29, 2009, Myron E. Edwards ("Edwards"), a person incarcerated as the result of a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition was a motion for leave to proceed in forma pauperis. (Docket No. 2.)

On December 31, 2009, this court granted Edwards' motion to proceed in forma pauperis, screened his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and ordered the respondent to answer the petition. (Docket No. 4.) The respondent answered the petition on March 8, 2010, (Docket No. 12), and Edwards has replied, (Docket Nos. 22, 23). The pleadings on Edwards' petition are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

Edwards was convicted on April 26, 1996 of multiple counts of First Degree Intentional Homicide, Attempted First Degree Intentional Homicide, and Armed Robbery. (Docket No. 1 at 2.) He was sentenced to life in prison without the possibility of parole. (Docket No. 1 at 2.)

In his petition, Edwards states he did not file a direct appeal of his conviction until May 12, 2005. (Docket No. 1 at 3.)  This raises the question of why did it take until May 12, 2005 for Edwards to appeal his April 26, 1996 conviction? The answer is found in a circuit court order appended to Edwards' petition.  It indicates that Edwards persuaded the court of appeals that he did not intelligently waive his appellate rights, and so the court reinstated these rights by order dated August 24, 2001. (Docket No. 1-1 at 42.) This is confirmed by a review of the online docket in the underlying criminal case. (See Milwaukee County Circuit Court Case No. 1996CF960232A, Docket No. 43, available at http://wcca.wicourts.gov; see also Wisconsin Court of Appeal Case No. 1999AP3284, available at http://wscca.wicourts.gov).

On January 8, 2004, the circuit court granted Edwards' request for a <u>Machner</u> hearing. (Case No. 1996CF960232A, Docket No. 65.) A hearing was held on April 22, 2005 and the court denied Edwards' motion for post-conviction relief. (Case No. 1996CF960232A, Docket No. 83.) Edwards appealed and the court of appeals affirmed the circuit court on March 27, 2007. (Docket No. 1 at 4; Case No. 1996CF960232A, Docket No. 98.) The Wisconsin Supreme Court denied review on June 12, 2007. (Docket No. 1 at 5.) Edwards filed a petition for a writ of certiorari with the United States Supreme Court which was denied October 9, 2007. (Docket No. 1 at 5-6.)

Edwards has also filed various motions for post-conviction relief, first on July 14, 2003, (Case No. 1996CF960232A, Docket No. 56), and then again on December 7, 2004, (Case No. 1996CF960232A, Docket No. 73), and March 21, 2008, (Case No. 1996CF960232A, Docket No. 110). (Docket No. 1 at 6-7.) It appears that at least with respect to this last motion for post-conviction relief, Edwards appealed the unfavorable decision of the circuit court. (See Wisconsin

Court of Appeal Case No. 2008AP1186, available at http://wscca.wicourts.gov). The decision of the circuit court was affirmed on May 27, 2009. Edwards also filed a separate petition for a writ of habeas corpus with the court of appeals on April 8, 2008. (Docket No. 1 at 9.)

## II. STANDARD OF REVIEW

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), [a federal court] may grant a petition for habeas relief from a state court judgment only in one of two limited circumstances: if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Smith v. Grams, 565 F.3d 1037, 1043 (7th Cir. 2009).

The court shall presume that the state court's factual determinations are correct, and the petitioner may rebut this presumption only be clear and convincing evidence. Id. (citing § 2254(e)(1)). The petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." Id. (citing Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009); Sturgeon v. Chandler, 552 F.3d 604, 609 (7th Cir. 2009)). Under the "unreasonable application" prong of (d)(1), it is not enough for the federal court to simply disagree with the conclusion of the state court; the state court's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## III. ANALYSIS

### A. DUPLICITY

Edwards contends that the robbery related counts (3, 4, 5, 6, 8, and 9 of the information) were duplicitous. (Docket No. 1 at 10-11.) First, he contends that the information was duplicitous because it charged him with both armed robbery by use of force, a class C felony, and robbery by use of a dangerous weapon, a class B felony. (Docket No. 1 at 10.) Edwards also contends that the

jury instructions were duplicitous because they combined two distinct robbery offenses in one element, and alleged a form of robbery with which Edwards was not charged. (Docket No. 1 at 11.)

The respondent contends that Edwards has procedurally defaulted this argument for two reasons. (Docket No. 12 at 8-9.) First, the issue was raised only in a pro se submission to the court of appeals. However, because Edwards was represented by counsel and Wisconsin courts bar such hybrid representation, the court refused to consider this argument. (Docket No. 12 at 8-9.) Therefore, the state court rejected the claim based upon adequate and independent state law grounds, thus precluding review by this court. (Docket No. 12 at 8-9; see also Docket No. 1-1 at 19-21.) Secondly, and alternatively, the respondent failed to raise this argument in his petition for review with the Wisconsin Supreme Court and thus has failed to exhaust his state court remedies as to this claim for relief. (Docket No. 12 at 9.)

Edwards first raised a duplicity argument in a pro se brief submitted in support of his direct appeal. (Ans. Ex. C at 13-16.) Because Edwards was represented by counsel, the court of appeals refused to consider this submission. (Ans. Ex. D.) Edwards asked the court of appeals to reconsider this decision, (Ans. Ex. F), and the court of appeals denied the request, (Ans. Ex. G). The issue did not appear again until after Edwards pursued a collateral attack upon his conviction, (see Ans. Exs. L-Q), and then returned to the court of appeals with a Knight petition, see State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), (Ans. Ex. R at 2-6). The court of appeals rejected his petition ex parte, stating that Edwards had failed to provide any reason as to why he did not present these issues in any of his earlier appeals and he failed to support his claims with any documentation. (Ans. Ex. S.) Edwards did address the duplicity issue in his subsequently filed petition for certiorari with the Wisconsin Supreme Court. (Ans. Ex. T.)

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and

adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). Here, the respondent points to the fact that the court of appeals refused to accept hybrid representation as a rejection of Edwards claims based upon adequate and independent grounds that precludes this court's review of the issue. (Docket No. 12 at 8-9.)

If this had been the end of Edwards' pursuit of this claim, the court would likely agree with the respondent. However, as noted above, Edwards did pursue his claim further, by raising it in a subsequent <u>Knight</u> petition. The court of appeals rejected his <u>Knight</u> petition on the basis that Edwards failed to explain why he did not present these arguments earlier and he failed to present any documents in support of his claims. The court of appeals' refusal to consider Edwards' petition for these reasons might constitute adequate and independent state grounds for the court of appeals' decision but the respondent does not present this argument. As a defense to the petition, the burden is upon the respondent to raise the defense and demonstrate its applicability; failure to do so may result in waiver. <u>See, e.g.</u>, <u>Lee v. Kemna</u>, 534 U.S. 362, 376 n.8 (2002); <u>Trest v. Cain</u>, 522 U.S. 87, 89 (1997). The issue was raised in Edwards' petition for review by the Wisconsin Supreme Court. (Ans. Ex. T.)

Therefore, the court must address the claim upon its merits. Further, because the court of appeals failed to address the merits of this claim, the court must apply the de novo standard of review applicable before AEDPA. <u>See</u>, <u>e.g.</u>, <u>Earls v. McCaughtry</u>, 379 F.3d 489, 492 (7th Cir. 2004). However, the court's analysis is not a straight duplicity analysis. Rather, because Edwards exhausted his state court remedies with respect to his duplicity argument only in his <u>Knight</u> petition, the court must view the claim through the lens of an ineffective assistance of counsel claim, specifically, was Edwards denied the effective assistance of counsel when Edwards' appellate counsel failed to raise this duplicity argument on direct appeal?

5

A petitioner seeking relief pursuant to 28 U.S.C. § 2254 due to an alleged denial of the effective assistance of counsel must demonstrate that the state court's decision on this issue was contrary to or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Wright v. Van Patten, 552 U.S. 120, 122(2008) (per curiam). Under Strickland, a petitioner is entitled to relief only if he can prove the following two elements. Goodman v. Bertrand, 467 F.3d 1022, 1027 (7th Cir. 2006). First, the petitioner must prove that his counsel's performance was unreasonable. In assessing the reasonableness of counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Raygoza v. Hulick, 474 F.3d 958, 962 (7th Cir. 2007) (quoting Strickland, 466 U.S. at 689). A court assessing the reasonableness of an attorney's performance must be cautious not to view counsel with the distorted perspective offered by hindsight; rather, every effort must be made to evaluate an attorney's performance from the perspective of counsel at the time. Strickland, 466 U.S. at 689. An attorney's actions do not become unreasonable simply because they proved unsuccessful. Id.

Second, the petitioner must prove that this unreasonable conduct prejudiced his defense. It is not enough for petitioner to show that the attorney's error had "some conceivable effect on the outcome." Raygoza, 474 F.3d at 962-63 (quoting Strickland, 466 U.S. at 693). But on the opposite side, it is not necessary for the petitioner to demonstrate that the error more likely than not altered the outcome of the case. Id. Rather, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

Duplicity is the charging of two or more offenses in a single count. United States v. Haynes, 582 F.3d 686, 703 (7th Cir. 2009). Duplicity presents a constitutional problem because it makes it

6

impossible to discern what it was that a defendant was convicted of and produces the danger of a defendant being convicted without a unanimous verdict. United States v. Hughes, 310 F.3d 557, 560 (7th Cir. 2002).

Edwards contends that the information was duplicitous because, with respect to the armed robbery counts, it referred to two different varieties of robbery—robbery through the use of force, Wis. Stat. § 943.32(1)(a) (1995-1996 (all citations are to the 1995-1996 edition unless otherwise noted)), and robbery through the use or threat of use of a dangerous weapon, Wis. Stat. § 943.32(2). (Docket No. 1 at 10-11.)

The statute that Edwards was convicted of violating, Wis. Stat. § 943.32, reads as follows:

(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

    (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or

    (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

(2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon, a device or container described under s. 941.26(4) (a) or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon or such a device or container is guilty of a Class B felony.

Although the information and judgment of conviction referred to both section 943.32(1)(a) and (2), this reference was entirely proper and did not result in the charging of two crimes in a single count. Section 943.32(2) alone does not constitute a complete crime; rather, it indicates one way the crime described in subsection (1) may be violated. Without a reference to subsection (1), it could be argued that no crime is described. In this regard, subsection (2) might be regarded as akin to a penalty enhancement provision. It adds the use of a dangerous weapon as an element of the crime and as a consequence upgrades the penalty for robbery from a Class C Felony to a Class B

Felony. Reference to both statutory provisions were not duplicitous but rather were the proper means to adequately inform Edwards of the charge he was facing.

Further, a review of the jury instructions reveals no risk that the jury would convict Edwards without unanimously agreeing upon all elements of the crime with which Edwards was charged. The jury was instructed that it must find that a dangerous weapon was used, or threatened to be used, in the crime. (See, e.g., Supp. Ex. X at 20.) Edwards was not convicted of two crimes for each armed robbery count, but rather was convicted in each count of armed robbery with the use of a dangerous weapon, a Class B Felony.

Because there is no merit to Edwards' duplicity argument, it was not unreasonable for Edwards' appellate counsel to not raise this argument and Edwards was not prejudiced by appellate counsel's decision. Therefore, Edwards is not entitled to relief on this claim.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

Edwards presents ten other separate claims related to ineffective assistance of counsel. The court shall address these claims individually applying the standard articulated above.

### i. Jurisdiction

Edwards contends that his trial counsel was ineffective because counsel did not challenge the court's subject matter jurisdiction. (Docket No. 1 at 11.) Edwards contends that the court lacked jurisdiction because, he alleges, the information was filed before his preliminary hearing, rather than afterwards. (Docket No. 1 at 11-13.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 9.)

The court of appeals determined that any alleged error was not prejudicial because even if the trial court would have concluded that filing the information before the preliminary hearing was improper under the statute, the remedy would have been dismissal without prejudice and the state would have simply re-filed the information. (Ans. Ex. O at 7-8).

This court is unable to conclude that the Wisconsin Court of Appeals' decision is contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court nor was based on an unreasonable interpretation of the facts in light of the evidence presented. Edwards has failed to demonstrate that any allegedly unreasonable conduct by his trial counsel resulted in prejudice. As the court of appeals recognized, even if this argument had been raised and it was determined that the state had not complied with the statute, at most, Edwards would have been entitled to a dismissal without prejudice. The state's failure to comply with such a statute would not bar Edwards' subsequent conviction. Therefore, Edwards is not entitled to relief on this claim.

### ii. Sufficiency of the Information

Edwards contends that his trial counsel was ineffective for failing to allege that the information was deficient because it did not give him proper notice of the charges against him. (Docket No. 1 at 13.) Because the information was allegedly deficient, Edwards contends he was unable to properly prepare a defense.

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 9.)

The court of appeals noted that under Wisconsin law, a defendant may be adequately informed of the charges against him either through the criminal complaint or the information. (Ans.

Ex. O at 8-9.) The court rejected Edwards' claim, noting that the 26-page complaint was sufficiently detailed to inform Edwards of the charges and the information met statutory requirements. (Ans. Ex. O at 8-9.)

The state courts relied upon the sufficiency of the complaint to conclude that Edwards was adequately informed of the charges against him. Because this document was not included with the record the court received, the court ordered the respondent to provide this document to the court. (Docket No. 21.) This document was received on April 26, 2010. (Docket No. 24-1.)

A charging document need not be detailed, nor need it include an outline of the facts or evidence the government will rely upon to try to prove its case. Rather, a charging document is sufficient if it (1) alleges the essential facts of a criminal offense; (2) adequately informs the defendant of the charges so that he will not be misled in preparing a defense; and (3) will protect against double jeopardy. See, e.g., United States ex rel. Harris v. Illinois, 457 F.2d 191, 197 (7th Cir. 1972) (citing Russell v. United States, 369 U.S. 749 (1962); United States v. Bearden, 423 F.2d 805 (5th Cir. 1970)).

The information in the present case, (Ans. Ex. L at App. 108-10), plainly satisfies the constitutional minimums. In language that mirrors the relevant statutes, it informs the defendant of the specific crimes he is alleged to have committed as well as the dates and locations of these alleged crimes.

But, prior to the information, the charge against Edwards was contained in the criminal complaint which provided substantially more information as to the nature of the charges against Edwards. Because the state courts had relied upon the criminal complaint to conclude that Edwards was properly informed of the charges against him, the court found it prudent to request this document. Having now reviewed this document, which spans 26 pages and contains a thorough narrative recounting of the factual basis for the charges against the defendant, (Docket No. 24-1), it

10

is clear to the court that the manner and scope of the information Edwards was provided with regarding the charges against him far exceeded constitutional minimums. Thus, the court is unable to conclude that the Wisconsin Court of Appeals' decision on this issue was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor based on an unreasonable interpretation of the facts in light of the evidence presented.

### iii. Failure of Court to Find Probable Cause as to Each Count

Edwards contends that trial counsel was ineffective for failing to argue that the preliminary hearing was improper because the court did not make a finding of probable cause as to each charge in the complaint. (Docket No. 1 at 11-13.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 9.)

The court of appeals rejected Edwards' contention, finding that the transcript of the preliminary hearing demonstrated that the court commissioner did make a finding as to each count. (Ans. Ex. O at 9-10.) The court of appeals rejected the contention that the court commissioner was required to state each count individually. (Ans. Ex. O at 9-10.)

The court has reviewed the transcript of the preliminary hearing and it is clear that the court commissioner did make a finding as to each felony charged. The court commissioner stated, "Based on the testimony on this record, I find probable cause to believe that the felonies have been committed within the jurisdiction of the Circuit Court for Milwaukee County, and probably committed by each defendant." (Supp. Ex. B at 74.) Edwards has not presented any authority to suggest that there is a requirement that the court commissioner specifically denote each felony. Thus, there was no reason for counsel to object and therefore, the court is unable to conclude that

the Wisconsin Court of Appeals decision on this issue was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor based on an unreasonable interpretation of the facts in light of the evidence presented.

Additionally and alternatively, irrespective of any alleged error in a probable cause determination at a preliminary hearing, such an error is mooted by the defendant's conviction. Any failure to object was clearly not prejudicial because the jury's finding that there is proof beyond a reasonable doubt that Edwards committed the crimes charged is conclusive and preclusive as to the question of whether there was probable cause to believe that Edwards committed the crimes.

### iv. Absence of Jury Instruction Conference

Edwards contends that his trial counsel was ineffective for failing to object to the absence of a jury instruction conference on the record. (Docket No. 1 at 14.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 10.)

The court of appeals determined that there was an off-the-record jury instruction and verdict conference that was memorialized on the record. (Ans. Ex. O at 10-11.) The court rejected Edwards' contention that the entire conference had to occur on the record. (Ans. Ex. O at 11.) Because there was no error, it was not unreasonable or prejudicial for trial counsel to fail to object. (Ans. Ex. O at 12.)

The court has reviewed the relevant transcript, and it is apparent that an appropriate jury instruction conference did occur. (See Supp. Ex. V at 103-06). Because the record makes clear that a jury instruction conference did occur, there was no basis for counsel to object. Thus, the court is unable to conclude that the Wisconsin Court of Appeals' decision on this issue was contrary to, or

an unreasonable application of, federal law as determined by the United States Supreme Court, nor based on an unreasonable interpretation of the facts in light of the evidence presented.

### v. Failure to Object to Jury Instructions

Edwards contends that his trial counsel was ineffective for failing to object to the jury instructions in this case, specifically the fact that the instructions allegedly referred to conduct for which Edwards was not being prosecuted. (Docket No. 1 at 14-15.) Second, Edwards contends that his trial counsel was ineffective for failing to object to the fact that certain victims were not specifically identified in portions of the jury instructions. (Docket No. 1 at 15-16.) Third, Edwards contends that his trial counsel was ineffective for failing to object to an allegedly incomplete jury instruction regarding first degree intentional homicide. (Docket No. 1 at 16-17.)

The respondent contends that with respect to the first two claims, Edwards is not entitled to relief on these claims because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 10.) As for the third claim, the respondent contends that this claim is procedurally defaulted because the court of appeals rejected it because Edwards failed to properly develop it. (Docket No. 12 at 11.) This, the respondent alleges, constitutes adequate and independent state law grounds for the state court's decision, thus precluding review by this court. (Docket No. 12 at 11.)

As for the first claim, the court of appeals acknowledged that in light of the evidence presented, it would have been more appropriate for the court to have used a jury instruction that referred to the use of a dangerous weapon, i.e. WISCONSIN JI—CRIMINAL 1480, rather than using a jury instruction that referred to "an article used or fashioned in a manner to lead the victim to reasonable believe that it was capable of producing death or great bodily harm," i.e. WISCONSIN

JI—CRIMINAL 1480A. (Ans. Ex. O at 15-16.) However, the court concluded that the use of this alternative jury instruction was inconsequential because it was broad enough to encompass the use of an actual firearm, as the prosecution alleged was used in the crimes. (Ans. Ex. O at 16.)

The court of appeals rejected Edwards' second claim outright, stating that Edwards was mistaken and the jury instructions did identify the victims by name. (Ans. Ex. O at 16.) Although the trial court did not repeat each jury instruction and instead instructed the jury to rely upon the instructions previously given, this was not error. (Ans. Ex. O at 16.) There being no error, there was no basis for trial counsel to object. (Ans. Ex. O at 16.)

Finally, the court of appeals stated that Edwards failed to properly develop his argument regarding his third claim in that he did not offer any citations to the record or any explanation beyond simply repeatedly asserting that the instruction was incomplete. (Ans. Ex. O at 16-17.) Thus, the court refused to consider this undeveloped argument. (Ans. Ex. O at 17.)

Beginning with Edwards' first claim, even though there was a jury instruction that might have better fit the circumstances does not mean that the instruction that was given was improper. The difference between the jury instruction given and the jury instruction Edwards contends should have been used was inconsequential from Edwards' perspective.

The different jury instructions simply recognize that the statute provides two different ways to commit the same crime. The distinction between the instructions lies in the type of proof that the state must present to satisfy its burden. If the state believes it can prove that the firearms are real, then it shall utilize instruction 1480. If it cannot prove that the firearms were real, then instruction 1480A is appropriate, even if the weapon used is, in fact, a real firearm. The distinction is that under 1480, the government must simply prove that the firearm was real (or merely that the implement was actually a dangerous weapon), whereas under 1480A the government must prove the victim's belief regarding the implement.

14

Here, there was no dispute that the firearms were real and thus the government would have been able to easily satisfy its burden under instruction 1480. By utilizing instruction 1480A, the government had to prove the belief of the victims, an arguably more difficult burden to satisfy than that the fire arm was real. Thus, the court is unable to conclude that the court of appeals' resolution of this claim was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, or was based on an unreasonable interpretation of the facts in light of the evidence presented.

As for the identification of victims by name, Edwards' second claim, the court has reviewed the jury instructions and reaches the same conclusion as the court of appeals; Edwards is mistaken and, in fact, all victims have been identified in the jury instructions. (See Supp. Ex. X at 6, 12, 17, 21, 22, 23, 24, 26, 27.) Therefore, there was no error. Since there was no error, there was no basis for counsel to object. Thus, the court is unable to conclude that the Wisconsin Court of Appeals' decision on this issue was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, or based on an unreasonable interpretation of the facts in light of the evidence presented.

Finally, Edwards' third claim for relief concerning the sufficiency of the jury instructions regarding the party to a crime instruction provided with respect to the first degree intentional homicide charge. (Docket No. 1 at 16-17.) Edwards states that Wisconsin's party to a crime jury instruction, WISCONSIN JI—CRIMINAL 411, establishes three elements.

The court finds it unnecessary to address whether the court of appeals' decision to decline to consider Edwards' undeveloped argument constitutes adequate and independent state grounds thereby precluding review by this court, because this court likewise finds Edwards' argument to be so poorly developed that it is without merit. The court has reviewed the instructions given to the jury and compared them with Wisconsin's standard pattern jury instructions, including WISCONSIN

15

JI—CRIMINAL 411, and has failed to identify "three essential elements," (Docket No. 1 at 16-17), that were applicable to his case and were omitted, (see also Docket No. 23 at 21-22.) Accordingly, the court concludes that Edwards is not entitled to relief as to this claim.

### vi. Failure to Object to Verdict Form

Edwards contends that his trial counsel was ineffective for failing to object to the verdict form because, although the jury was instructed to agree as to which one of a variety of party to a crime scenarios it found Edwards acted under, the verdict form did not include the opportunity for the jury to express this conclusion. (Docket No. 1 at 17-18.) Thus, Edwards contends that it was possible that the jury was not unanimous in its theory of guilt. (Docket No. 1 at 17-18.)

The respondent contends that Edwards has procedurally defaulted this argument for the two reasons presented with respect to Edwards' duplicity argument. (Docket No. 12 at 11.) First, the issue was raised only in a pro se submission to the court of appeals which the court refused to consider because it amounted to hybrid representation and thus rejected the argument based upon adequate and independent state law grounds. (Docket No. 12 at 11; see also Docket No. 1-1 at 19-21.) Secondly, and alternatively, the respondent failed to raise this argument in his petition for review with the Wisconsin Supreme Court, and thus he has failed to exhaust his state court remedies as to this claim for relief. (Docket No. 12 at 11.)

The court has reviewed the petitions for review Edwards filed with the Wisconsin Supreme Court, (Ans. Exs. I, P, T), and has not identified Edwards ever raising this issue. Thus, Edwards has failed to exhaust his state court remedies, and the court is precluded from granting Edwards relief on this claim. See 28 U.S.C. § 2254(b)(1). Further, Edwards has failed to demonstrate that his procedural default should be excused. See Rodriguez v. Scillia, 193 F.3d 913 (7th Cir. 1999).

Although the inclusion of an unexhausted claim renders Edwards' petition a "mixed" petition, see Rhines v. Weber, 544 U.S. 269, 275 (2005), the court shall nonetheless proceed as if

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 16 of 31   Document 25

Edwards unexhausted claims have been withdrawn and therefore shall consider Edwards' remaining claims upon their merits. See 28 U.S.C. § 2254(b)(2).

### vii. Failure to Present an Alibi Defense

Edwards contends that he informed his trial counsel of a potential witness who could testify that he was not present during some of the crimes. (Docket No. 1 at 22-23.) Counsel testified at the Machner hearing that he did not recall Edwards making this statement. (Docket No. 1 at 22-23.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 13.)

The court of appeals concluded that the trial court's factual findings determining that Edwards' contention that he had discussed an alibi defense with trial counsel was incredible, were not clearly erroneous. (Docket No. 1-1 at 17-18.) The court of appeals stated, "If an alibi had been discussed as a viable defense, it would have appeared somewhere during the proceedings." (Docket No. 1-1 at 18.)

The circuit court's resolution of this question was based largely upon a credibility determination which the court of appeals reviewed deferentially. (Supp. Ex. FF at 46-49.) In support of its conclusion that Edwards did not discuss an alibi defense with his trial counsel, the circuit court referred to a number of factors: (1) there was nothing in the record to suggest that an alibi defense had ever been discussed, (Supp. Ex. FF at 46); (2) if Edwards had such a viable defense and for whatever reason his attorney was not pursuing it, one would expect a defendant in such a situation to be "jumping up and down at trial" about this; Edwards did "jump up and down at trial" with complaints about his lawyer, but not concerning a potential alibi defense, (Supp. Ex. FF at 47);

and (3) even once Edwards began to represent himself in post-conviction proceedings, Edwards did not mention a potential alibi. (Supp. Ex. FF at 47).

Based upon the evidence presented at the <u>Machner</u> hearing (<u>see</u> Supp. Ex FF), the circuit court's finding that Edwards did not discuss a potential alibi defense with his trial counsel was reasonable, and thus this court cannot conclude that the decision of the court of appeals was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, or was based on an unreasonable interpretation of the facts in light of the evidence presented.

### viii. Post-Conviction Counsel's Failure to Impeach Trial Counsel

Edwards contends that his post-conviction counsel was ineffective for failing to impeach his trial counsel during the <u>Machner</u> hearing with respect to trial counsel's failure to recall Edwards having mentioned a potential alibi defense. (Docket No. 1 at 23-24.) Specifically, Edwards contends that post-conviction counsel should have discovered the fact that trial counsel had requested an alibi instruction as part of his initial proposed jury instructions. (Docket No. 1 at 23.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 13-14.)

The court of appeals acknowledged that in its earlier decision it dismissed Edwards' contention that his trial counsel was ineffective for failing to present an alibi defense on the basis that, based upon the facts found by the trial court, such action was not unreasonable. (Ans. Ex. O at 20.) In light of the fact that there was new evidence to suggest that Edwards might have discussed an alibi defense with his defense counsel, the court of appeals nonetheless rejected Edwards' contention, this time on the basis that Edwards failed to demonstrate that any allegedly deficient

performance was prejudicial. (Ans. Ex. O at 20.) Specifically, Edwards failed to demonstrate that there was, in fact, any viable alibi defense. (Ans. Ex. O at 20.)

Edwards has provided the court with the jury instructions requested by his trial counsel. (Docket No. 23-1 at 38-39.) This document indicates that counsel requested WISCONSIN JI— CRIMINAL 775 Alibi, and this reference is followed by "(If Applicable)." (Docket No. 23-1 at 39.) The fact that trial counsel included the alibi instruction with his initial jury instruction request could tend to support that Edwards did discuss a potential alibi defense with his trial counsel and thus might undermine the circuit court's conclusion that there was nothing in the record to support Edwards' contention. Therefore, Edwards contends that his appellate counsel was ineffective for not bringing out this fact at the <u>Machner</u> hearing.

As the circuit court stated in an order rejecting this argument when it was raised in a motion for post-conviction relief, a defendant's proposed jury instructions are not necessarily probative of what the party expects to occur at trial; rather it is common practice for parties to submit jury instructions covering every conceivable circumstance that might arise at trial. (Docket No. 1-1 at 31-32.) Thus, the fact that the alibi instruction was included as part of defense counsel's initial jury instructions, in no way, is proof that a Edwards had discussed an alibi defense with his trial counsel.

Further, even if Edwards could demonstrate that it was unreasonable for appellate counsel to fail to present this fact to the court at the <u>Machner</u> hearing, the court agrees with the court of appeals that Edwards has failed to show that he was prejudiced by any such failure.

Even if the fact that the alibi jury instruction had been requested had been elicited at the <u>Machner</u> hearing, Edwards has failed to demonstrate that there would have been a reasonable probability of a different outcome of Edwards' initial appeal. The fact that there was nothing in the record suggesting that Edwards mentioned a potential alibi defense with counsel was just one of the reasons articulated by the circuit court to support its credibility determination. The requested alibi

jury instruction undermined only the definitiveness of the circuit court's conclusion; it was only weakly probative of the existence of any such discussion.

Further, as the court of appeals noted, Edwards failed to demonstrate that he even possessed a viable alibi defense to the crimes of which he was convicted. The individuals that Edwards presented as potential alibi witnesses testified at that <u>Machner</u> hearing that they could not remember the details necessary to provide Edwards with an alibi. (Supp. Ex. FF at 6-8; 32-33.) Without being able to demonstrate a potentially viable alibi defense, Edwards cannot prove the that the ultimate outcome, i.e. his conviction, would have been different. Thus, based upon the foregoing, this court cannot conclude that the decision of the court of appeals was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court or was based on an unreasonable interpretation of the facts in light of the evidence presented.

### ix. Post-Conviction Counsel's Failure to Make <u>Apprendi</u> Argument.

Edwards contends that Wis. Stat. § 973.014(1)(c) is unconstitutional under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and he was denied the effective assistance of post-conviction counsel when counsel failed to make this argument.

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 14-15.)

The court of appeals determined that Edwards' argument was without merit. The statutory maximum for the crime of first degree intentional homicide of which he was convicted is life in prison without the possibility of parole. (Ans. Ex. O at 18.) No additional facts need be found for

the imposition of this sentence and thus there was no basis for Edwards to challenge his sentence under <u>Apprendi</u>. (Ans. Ex. O at 18-19.)

The court finds this argument to be frivolous and grounded in a misunderstanding of the Court's <u>Apprendi</u> and <u>Blakely</u> holdings. <u>Apprendi</u> and <u>Blakely</u> both involved cases in which the court found that additional facts existed to permit the defendants to be sentenced in excess of the statutory maximum for the crime the jury found the defendants committed.

That is not what happened to Edwards. The maximum term of imprisonment for the crime of First Degree Intentional Homicide (Edwards was convicted of two counts) is life in prison without the possibility of parole. <u>See</u> Wis. Stat. §§ 939.50(3)(a), 940.01, 973.014(1)(c). Because Edwards' sentence was within the statutorily authorized range, there is no basis to challenge his sentence under <u>Apprendi</u> or <u>Blakely</u>. Thus, based upon the foregoing, this court cannot conclude that the decision of the court of appeals was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Cour, or was based on an unreasonable interpretation of the facts in light of the evidence presented. This conclusion also resolves Edwards' direct challenge to the constitutionality of Wis. Stat. § 973.014(1)(c). (<u>See</u> Docket Nos. 1 at 24-26; 23 at 42-45.)

### x. Post-Conviction Counsel's Failure to Challenge Restitution

Edwards contends that post-conviction counsel was ineffective because he failed to challenge the restitution order because the court lacked subject matter jurisdiction to impose restitution.

The respondent contends that Edwards is not entitled to relief on this claim because the court of appeals rejected based upon adequate and independent state law grounds, specifically the fact that Edwards failed to adequately explain why he did not raise this argument earlier. (Docket No. 12 at 15; <u>see also</u> Ans. Ex. S.)

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 21 of 31   Document 25

Regardless of whether the court were to conclude that the court of appeals rejected this argument based upon adequate and independent state law grounds, Edwards is not entitled to relief. "The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (citing 28 U.S.C. § 2241(c); § 2254(a)). It is not enough that a petitioner is confined; rather, he must be confined as a result of the conviction he seeks to challenge in his present petition. See Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir. 1990) ("That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid."). Thus, a federal court lacks "pendent jurisdiction" over habeas challenges unrelated to the petitioner's custody. Virsnieks, 521 F.3d at 721. This court has jurisdiction over a petition for a writ of habeas corpus under § 2254 only if there is a cause and effect relationship between the defendant's current custody and the alleged constitutional error.

Edwards' claim relates to the restitution he was ordered to pay. Even if the court were to agree with Edwards' argument, the only relief Edwards would be entitled to would be modification of the restitution order, not release from custody. Thus, Edwards fails to present a claim that is cognizable under § 2254. See Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). Such claims regarding restitution orders, even if viewed through the lens of an ineffective assistance of counsel claim, do not amount to a cognizable claim for relief under § 2254. Id.

**C. WARRANTLESS ARREST**

Edwards contends that his warrantless arrest was unconstitutional under the 4th and 14th Amendments because he was in a private residence and there was no exigency permitting or other exception to permit the warrantless entry of the police to effect the arrest. (Docket No. 1 at 18.)

The respondent contends that Edwards has procedurally defaulted this argument for the two reasons presented with respect to Edwards' duplicity argument. (Docket No. 12 at 11-12.) First, the

issue was raised only in a pro se submission to the court of appeals. The court refused to consider the issue because it amounted to hybrid representation; thus, the argument was rejected based upon adequate and independent state law grounds. (Docket No. 12 at 11-12; see also Docket No. 1-1 at 19-21.) Secondly, and alternatively, the respondent failed to raise this argument in his petition for review with the Wisconsin Supreme Court, and thus he has failed to exhaust his state court remedies as to this claim for relief. (Docket No. 12 at 11-12.)

Whether the police had probable cause to arrest Edwards is a Fourth Amendment question not cognizable in habeas corpus in light of Stone v. Powell, 428 U.S. 465 (1976). In that case, the United States Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Stone, 428 U.S. at 494; see also Hampton v. Wyant, 296 F.3d 560, 562-65 (7th Cir. 2002). This is because "a person imprisoned following a trial that relies, in part, on unlawfully seized evidence is not 'in custody in violation of the Constitution or laws or treaties of the United States.'" Hampton, 296 F.3d at 562 (quoting 28 U.S.C. § 2254(a)). The Seventh Circuit in Hampton noted that the "*seizure* may have violated the Constitution, but the *custody* does not, because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants." Id. at 562-63 (emphasis in original).

An accused receives a full and fair opportunity to litigate if (1) he or she has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his or her Fourth Amendment rights; (2) the state court has carefully and thoroughly analyzed the facts; and (3) applied the proper constitutional case law to the facts. Hampton, 296 F.3d at 563 (citing Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992)). An opportunity for

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 23 of 31   Document 25

full and fair litigation of a Fourth Amendment claim guarantees the right to present one's case, but it does not guarantee a correct result. <u>Cabrera v. Hinsley</u>, 324 F.3d 527, 532 (7th Cir. 2003).

The record demonstrates that Edwards was given a full opportunity to litigate this claim. (<u>See</u> Supp. Exs. C, D, E (trans. of evid. hearings); Ex. B at 21-23.) The record demonstrates that the circuit court properly analyzed the facts. (<u>See</u> Supp. Ex. K at 8-9.) Finally, although neither the circuit court nor the court of appeals explicitly referenced federal case law, it was not required to do so in order to be entitled to deference. <u>See</u> <u>Oswald v. Bertrand</u>, 374 F.3d 475, 477 (7th Cir. 2004) (citing, e.g., <u>Mitchell v. Esparza</u>, 540 U.S. 12 (2003) (per curiam); <u>Early v. Packer</u>, 537 U.S. 3, 8, (2002) (per curiam)). The record is clear that the parties applied the proper legal standards to the facts. (<u>See</u> Supp. Ex. K at 8-9; Ex. H at 7-9.) Thus, because Edwards received the opportunity to fully and fairly litigate his Fourth Amendment claim, <u>Stone v. Powell</u> precludes this court from considering his Fourth Amendment claim. <u>See</u> <u>Stone</u>, 428 U.S. at 494.

### D. SELF-INCRIMINATION

Edwards contends that he was not properly advised of his <u>Miranda</u> rights prior to questioning, that he did not receive an attorney as requested, and that his confession was involuntary. (Docket Nos. 1 at 19; 23 at 26-30.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 12.)

The court of appeals determined that the trial court's factual determination that Edwards had been fully advised of his rights and did not invoke his right to counsel was not clearly erroneous. (Docket No. 1-1 at 9-10.) Further, the court of appeals again found that with respect to the question of coercion, the trial court's factual determinations were not clearly erroneous and thus there was

insufficient evidence to conclude that Edwards' statement was not voluntary. (Docket No. 1-1 at 10-12.)

The court has reviewed the transcript of the <u>Miranda</u> hearing, (Supp. Exs. G, 72-97; H), and the testimony certainly supports the conclusions of the circuit court, (Supp. Ex. K at 3-8), and the court of appeals, (Supp. Ex. H at 9-12). The court of appeals' decision was consistent with a reasonable interpretation of the facts in light of the evidence presented and was not contrary to, or an unreasonable application of, <u>Miranda</u> and the progeny thereof. Accordingly, Edwards is not entitled to relief as to this claim.

### E. <u>RIVERSIDE</u>

Edwards contends that the probable cause determination was unreasonably delayed; the arresting officers had probable cause to arrest him well before the determination was made, which was 46 hours after his arrest. (Docket Nos. 1 at 20; 23 at 30-31, citing <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991).)

The respondent contends that Edwards has procedurally defaulted this argument for the two reasons presented with respect to Edwards' duplicity argument. (Docket No. 12 at 12.) As stated previously, the issue was raised only in a pro se submission to the court of appeals which the court refused to consider because it amounted to hybrid representation. The argument was rejected based upon adequate and independent state law grounds. (Docket No. 12 at 12.) Alternatively, the respondent failed to raise this argument in his petition for review with the Wisconsin Supreme Court, and thus he has failed to exhaust his state court remedies as to this claim for relief. (Docket No. 12 at 12.)

The court has reviewed the petitions for review Edwards filed with the Wisconsin Supreme Court, (Ans Exs. I, P, T), and has not identified Edwards ever raising this issue in these filings. Thus, Edwards has failed to exhaust his state court remedies, and the court is precluded from

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 25 of 31   Document 25

granting Edwards relief on this claim. <u>See</u> 28 U.S.C. § 2254(b)(1). Further, Edwards has failed to demonstrate that his procedural default should be excused. <u>See</u> <u>Rodriguez v. Scillia</u>, 193 F.3d 913 (7th Cir. 1999).

### F. IMPARTIAL JURY

Edwards contends he was denied his right to an impartial jury because it was revealed that a member of the pool was related to a victim in the case and members of the pool who were preliminarily examined at voir dire prior to this revelation were not re-questioned to determine whether these panel members had been "contaminated." (Docket No. 1 at 20-21.) Second, Edwards points to a jury member who stated during voir dire that he would probably err on the side of the police in a credibility dispute; this individual was not struck, despite a defense request, because the court determined that the juror could be fair. (Docket No. 1 at 22.)

The respondent contends that with respect to his first claim, Edwards has procedurally defaulted this argument for the two reasons presented with respect to Edwards' duplicity argument. (Docket No. 12 at 12-13.) These reasons have been discussed previously and need not be restated.

The court has reviewed the petitions for review Edwards filed with the Wisconsin Supreme Court, (Ans Exs. I, P, T), and has not identified Edwards ever raising this first issue in these filings. Thus, Edwards has failed to exhaust his state court remedies, and the court is precluded from granting Edwards relief on this claim. <u>See</u> 28 U.S.C. § 2254(b)(1). Further, Edwards has failed to demonstrate that his procedural default should be excused. <u>See</u> <u>Rodriguez v. Scillia</u>, 193 F.3d 913 (7th Cir. 1999).

As for Edwards' second claim, the respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was

its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 13.)

The court of appeals concluded that the juror need not have been stricken because he indicated that he would base any decision upon the evidence and would follow the instructions of the court. (Docket No. 1-1 at 14-16.) "The juror exhibited sincerity in abiding by the juror's oath and holding the State to its burden of proof," and thus the record demonstrated that the juror was neither subjectively nor objectively biased. (Docket No. 1-1 at 15-16.)

If a state affords a criminal defendant the right to a jury trial, that jury must be impartial. Morgan v. Illinois, 504 U.S. 719, 726 (1992). The right to an impartial jury has been described as a right to a panel of "'indifferent' jurors." Id. at 727 (quoting Turner v. Louisiana, 379 U.S. 466 (1965)). Thus, "a defendant is entitled to be tried by a jury no member of which has a bias induced by extraneous matter." Wisehart v. Davis, 408 F.3d 321, 327 (7th Cir. 2005). This is an entitlement to "a jury that determines guilt on the basis of the judge's instructions and the evidence introduced at trial, as distinct from preconceptions or other extraneous sources of decision." Oswald, 374 F. 3d at 477.

A prospective juror, whose brother was a detective in the Milwaukee Police Department investigating prostitution matters, made the following statements in response to individual voir dire questioning:

> Q: Also, with your brother being a police officer, you are also not sure if you could block that out as you decide the case, correct?
>
> A: I guess I would love and respect my brother a lot. I think he has [sic] does a good job. So I think he is right most of the time; therefore, the agency he works for is, probably.
>
> THE COURT: Are you saying that if members of the police department take the stand and testify that, just because your brother is an officer, you will say, "Okay; they are telling the truth. I won't have to listen any further"?
>
> A: No; that's not true.

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 27 of 31   Document 25

Q:      Would you listen to the testimony?

A:      I would listen to the testimony, and I would weigh it.

Q:      And you would apply the same standards you use to decide when you are trying to decide if someone's telling you the truth? Would you apply some general standard, and would you apply those same standards to a police officer the same as any other witness?

A:      I would probably err on the side of the police office. He or she would receive the benefit of the doubt. As to a standard, if it's a gray area, I would, if there were error, I would err on the side of the police officer.

Q:      If you were trying to evaluate the credibility of that testimony – and we look at things, like if someone is interested in the result of the case, or demeanor on the witness stand, or we look at how they testify and all of those factors – would you apply those same factors to a police officer the same as any other witness?

A:      Yes.

Q:      If you found that that police officer was not truthful, could you put aside and disregard that testimony?

A:      Yes, I could.

Q:      Would an officer who takes the stand come with some sort of cloak of protection, so that anything they said was true?

A:      I don't believe so.

Q:      And on the other side, would they come with some sort of cloak that anything they say is not true?

A:      No.

Q:      If you are selected as a juror, you will be taking an oath to try the case and make a decision based solely on the evidence presented in Court.

A:      That's correct; I understand.

Q:      So you know a lot of things from your brother, you know a lot of things from your wife about the criminal justice system?

A:      Yes.

Case 2:09-cv-01189-AEG   Filed 05/14/10   Page 28 of 31   Document 25

> Q:    Can you put those facts aside and decide this case solely on the fact that you hear in Court?
>
> A:    Yes.
>
> Q:    And if no evidence is presented, no evidence is presented, then what is the verdict that you would have to reach?
>
> A:    Not guilty.
>
> Q:    So are you going to listen to the evidence and hold the State to its burden?
>
> A:    Yes.
>
> Q:    And are you going to make the defense have a burden in this case, or are the – the defense is presumed innocent and had no burden; correct, if the Court told you they had none?
>
> A:    I will follow Your Honor's instructions.

(Supp. Ex. M at 100-102.)

The trial court denied the defendant's motion to strike the juror for cause, (Supp. Ex. M at 104), neither side exercised a peremptory strike to remove him from the jury, and therefore, he sat as a member of the jury that convicted Edwards.

The voir dire transcript does not demonstrate bias. Rather, voir dire progressed exactly as it should. The venireman offered a response that suggested the potential for bias and counsel and the court engaged in follow-up questioning to explore the possibility of bias. This follow-up questioning revealed that the venireman was not biased and would hold the state to its burden and would follow the court's instructions.

Thus, the court of appeals' decision was consistent with a reasonable interpretation of the facts in light of the evidence presented and was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Accordingly, Edwards is not entitled to relief as to this claim.

**G. SEVERANCE**

Edwards contends that he was denied a fair trial because the trial court refused to sever the various crimes with which he was charged. (Docket No. 1 at 24.)

The respondent contends that Edwards is not entitled to relief on this claim because the decision of the Wisconsin Court of Appeals is not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, nor was its decision based on an unreasonable interpretation of the facts in light of the evidence presented. (Docket No. 12 at 14.)

The court of appeals concluded that joinder was proper because the crimes occurred in a single three-week period, shared a common motive of financial reward, and involved the same actors, the same witnesses, and the same evidence. (Docket No. 1-1 at 13-14.) Further, the court of appeals found that Edwards' general assertions of prejudice were insufficient to outweigh the interests of the public in a single trial on the nine counts. (Docket No. 1-1 at 13-14.)

"Notwithstanding the basic dimensions of collateral review under § 2254, this petitioner is hard pressed to find a constitutional violation in the Wisconsin state trial court's action in denying a severance, especially in view of the provisions of Wisconsin statute § 971.12(1), which states:" Biskup v. McCaughtry, 20 F.3d 245, 249 (7th Cir. 1994) (discussing pre-AEDPA standard of review),

> Two or more crimes may be charged in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan.

Wis. Stat. § 971.12(1).

Severance of charges is constitutionally required only if prejudice is so great that it denied the defendant a fair trial. Biskup, 20 F.3d at 249.

The court of appeals' reasonably concluded that the crimes were all related and that Edwards' general allegations of prejudice were insufficient because the same evidence would have

been admissible in each trial had the counts been severed. Thus, the court of appeals' decision was consistent with a reasonable interpretation of the facts in light of the evidence presented and was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Accordingly, Edwards is not entitled to relief as to this claim.

**IV. CONCLUSION**

For the reasons set forth above, the court concludes that the petitioner is not entitled to relief under 28 U.S.C. § 2254. Further, the court finds that the petitioner has failed to make a substantial showing of a denial of constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), and thus, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, the court denies the petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>14th</u> day of May, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge